(Not for Publication)                                    (Docket Entry No. 18)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                            :
BARBARA LYON,                               :
                                            :
                    Plaintiff,              :        Civil No. 05-3201 (RBK)
                                            :
          v.                                :        **OPINION**
                                            :
KIMBERLY CLARK CORPORATION                  :
PENSION PLAN,                               :
                                            :
                    Defendant.              :
_____            :


**KUGLER**, United States District Judge:

        Presently before the Court is a motion by plaintiff Barbara Lyon ("Plaintiff") seeking an

award of costs and attorney's fees against defendant Kimberly Clark Corporation Pension Plan

("Defendant").  For the reasons set forth below, this Court will grant Plaintiff's motion for the

amount of $20,999.65 in fees and costs.


## I.        BACKGROUND

        This action stems from Defendant's denial of Plaintiff's claim for Total and Permanent

Disability Retirement.  In an Opinion and Order dated September 5, 2006, this Court granted

Plaintiff's motion for summary judgment, holding that Plaintiff was entitled to total and

1

permanent disability pension benefits and ordering Defendant to provide those benefits, including any past due benefits, to Plaintiff.  This Court denied without prejudice Plaintiff's request for attorney's fees, instructing Plaintiff to submit a properly supported application to this Court within 30 days of the Opinion and Order.  On October 5, 2006, Plaintiff filed the motion currently pending before this Court.

## II.    DISCUSSION

A court may, in its discretion, award attorney's fees to a prevailing party in an ERISA action.  See 29 U.S.C. § 1132(g)(1); Schake v. Colt Indus. Operating Corp. Severance Plan, 960 F.2d 1187, 1190 (3d Cir. 1992) ("An award of . . . attorney's fees to a prevailing plaintiff in an ERISA case is within the discretion of the district court . . .").

The Third Circuit has set forth a five-factor test for district courts to utilize in determining whether to award attorney's fees in an ERISA action.  Specifically, a district court is to weigh:

(1) the offending parties' culpability or bad faith;
(2) the ability of the offending parties to satisfy an award of attorneys' fees;
(3) the deterrent effect of an award of attorneys' fees against the offending parties;
(4) the benefit conferred on members of the pension plan as a whole; and
(5) the relative merits of the parties' position.

Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983).  Moreover, "no single factor is decisive."  Local 827 IBEW v. Verizon New Jersey, Inc., No. 02-1019, 2006 U.S. Dist. LEXIS 56453, at *14 (D.N.J. Aug. 3, 2006).

The parties do not contest that Plaintiff was the prevailing party in this action.  Moreover, while Defendant asserts that its pending appeal of this Court's September 5, 2006 Order renders Plaintiff's present motion premature, Defendant's assertion is unsupported.  Defendant cites but

one case to support this contention, in which the Court cited a pending appeal as one factor that it considered.  See Local 827 IBEW, 2006 U.S. Dist. LEXIS 56453, at *12-*13.  However, the Court further noted that "there is no mandate that a court wait to award attorney's fees if an appeal is pending."  Id. at *12.  In this matter, Defendant has proffered no reason why a pending appeal alone should constitute sufficient grounds for this Court to deny Plaintiff's motion.  Accordingly, this Court does not conclude that the pending appeal in and of itself offers a sufficient reason for this Court to deny without prejudice Plaintiff's present motion for attorney's fees.

      A.      Applying the Ursic Five-Factor Test

This Court must therefore apply the Ursic five-factor test in determining whether to grant Plaintiff's motion.  See Anthuis v. Colt Industries Operating Corp., 971 F.2d 999, 1012 (3d Cir. 1992) (stating that a district court "must articulate its considerations, its analysis, its reasons and its conclusions touching on each of the five factors delineated in Ursic").

      1.      Culpability or Bad Faith

The Third Circuit has stated that this factor does not require a finding of bad faith.  See McPherson v. Employees' Pension Plan, 33 F.3d 253, 256 (3d Cir. 1994) ("A losing party may be culpable, however, without having acted with an ulterior motive.").  However, "[a] party is not culpable merely because it has taken a position that did not prevail in litigation."  Id. at 257.  Rather, a party is said to have acted with culpability if its conduct "involves something more than simple negligence."  Id. (quoting Black's Law Dictionary (6th ed. 1990)).

In this matter, this Court found Defendant's denial of Plaintiff's request for benefits to have been arbitrary and capricious.  Specifically, this Court found that in one respect,

Defendant's "decision was arbitrary and capricious because it was unreasonable, contrary to the objective medical evidence in the record, and simply wrong as a factual matter." Lyon v. Kimberly Clark Corp. Pension Plan, No. 05-3201, 2006 U.S. Dist. LEXIS 67061, at *38 (D.N.J. Sept. 5, 2006).  Regarding another finding, this Court stated that Defendant had implied a requirement not set forth in the Pension Plan and disregarded overwhelming evidence in the record.  Id. at *43.  Finally, this Court concluded that on a third issue, Defendant reached an "unexplained, contrary conclusion" that was unsupported by the record.  Id. at *46.

Given these findings, this Court subsequently holds that this first factor weighs in favor of Plaintiff, as it finds Defendant's actions to constitute culpability.  While this Court cannot conclude that Defendant acted in bad faith, it does appear to this Court that Defendant acted in a manner that exceeds that of mere negligence.

2.      Ability to Pay

Defendant concedes that this factor weighs in favor of Plaintiff.

3.      Deterrent Effect against Defendant

While Defendant's conduct was not necessarily in bad faith, the Third Circuit has stated that "it will further the objectives of ERISA if fee awards are employed to deter behavior that falls short of bad faith conduct."  McPherson, 33 F.3d at 258.  Accordingly, this Court must determine whether "it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which [Defendant] engaged."  Id.

Defendant argues that "[f]or deterrence to be effective, however, the conduct to be deterred must have been undertaken knowingly."  Smith v. Contini, No. 97-2692, 2003 U.S. Dist. LEXIS 14336, at *9 (D.N.J. Aug. 19, 2003).  However, in Smith, the Court dealt with a situation

4

where the defendant pension plan acted in a manner that it had erroneously believed to be legal. In this case, there has been no such finding as the reasoning behind Defendant's actions. Rather, Defendant's actions were found by this Court to have disregarded the factual record and imposed an inappropriate requirement on Plaintiff. This conduct is indeed the type that this Court seeks to deter. This Court therefore finds that this factor weighs in favor of Plaintiff.

4.     Benefit Conferred on Plan Members as a Whole

Under this factor, the Court is to determine "whether there were any other plan members who received a benefit, and if so how many. In other words, the factor calls for the examination of a benefit to others, not of a benefit to all others." Smith, 2003 U.S. Dist. LEXIS 14336, at *9-*10; see also McPherson, 33 F.3d at 256 ("The fourth factor requires consideration of the benefit, if any, that is conferred on others by the court's judgment."). As this action involves only one plan member and Plaintiff has made no showing as to others similarly situated, this Court finds that this factor weighs in favor of Defendant.

5.     Merits of the Parties' Positions

As this Court stated in section II(A)(1) above, Defendant's position was without merit. Defendant did not act based on either a misunderstanding of the law or a "close and difficult" question. See DiGiacomo v. Teamsters Pension Trust Fund, 154 F. App'x 312, 313 (3d Cir. 2005). Rather, Defendant's actions were based on a disregard for both the factual record and its own requirements imposed on Plaintiff. Therefore, this Court finds this factor to weigh in favor of Plaintiff.

B.     Fee Award

Having found four of the Ursic factors to weigh in favor of Plaintiff, this Court finds that

Plaintiff is entitled to an award of attorney's fees in this action.

In determining a reasonable fee award, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Plaintiff has submitted an itemized statement showing that counsel spent 92.2 hours working on this matter at a billing rate of $225.00 per hour; Plaintiff therefore requests a fee award of $20,745.00. (Pl.'s Br. Ex. B) Plaintiff further seeks costs in the amount of $254.65 for filing the Complaint and effecting service upon Defendant. (Pl.'s Br. Ex. C) As these figures appear to this Court to be reasonable and Defendant has not contested the reasonableness of these amounts, this Court will fashion an award of fees and costs in the amount of $20,999.65.

**III.    CONCLUSION**

Based on the foregoing reasoning, this Court will grant Plaintiff's motion for costs and attorney's fees in the amount of $20,999.65. The accompanying Order shall issue today.

Dated: June 26, 2007                             s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge